

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-27-2007

# Shemonsky v. Thomas

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3761

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Shemonsky v. Thomas" (2007). *2007 Decisions.* Paper 185.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/185

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-48**                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3761
_____

MICHAEL R. SHEMONSKY,
                                                      Appellant

v.

JUDGE JOHN J. THOMAS;
STATE OF PENNSYLVANIA;
STATE OF NEW JERSEY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-cv-01667)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 8, 2007

Before: SLOVITER, FISHER and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 27, 2007)
_____

OPINION
_____

PER CURIAM

     <u>Pro</u> <u>se</u> appellant, Michael Shemonsky, appeals the District Court's order

dismissing his <u>in</u> <u>forma</u> <u>pauperis</u> civil rights complaint filed pursuant to 42 U.S.C. § 1983.

In that complaint, Shemonsky alleged that Judge John J. Thomas, who presided over appellant's bankruptcy proceeding, improperly dismissed that action. Shemonsky sought unspecified monetary damages. Concluding that Judge Thomas is immune from suit, the District Court dismissed Shemonsky's complaint. This timely appeal followed.

The District Court was correct to conclude that Shemonsky's claims against Judge Thomas are barred by the doctrine of judicial immunity. It is a well-established principle that judges are absolutely immune from suits for damages under 42 U.S.C. § 1983 when they act in a judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citation omitted) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"). Because the act that Shemonsky complains of – dismissal of his bankruptcy action – was performed by Judge Thomas in his official capacity, Judge Thomas is entitled to judicial immunity. See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768-69 (3d Cir. 2000). As the District Court properly advised, should Shemonsky wish to challenge the dismissal of the bankruptcy action referenced in the complaint, the appropriate remedy is an appeal.

Having found no merit to this appeal, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

2